Filed 1/31/25  P. v. Mitchell CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE LEE MITCHELL,<br><br>    Defendant and Appellant. | B333738<br><br>Los Angeles County<br>Super. Ct. No. YA087647 |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan B. Honeycutt, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Sophia A. Lecky, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2013, a jury convicted Willie Lee Mitchell of robbery and forgery. The trial court sentenced Mitchell to an aggregate term of 19 years and four months, which included a five-year prior serious felony enhancement and three one-year prison prior enhancements. The court later reduced the forgery conviction to a misdemeanor and struck two of the three prison prior enhancements. In 2023, the court determined Mitchell is eligible for resentencing under Penal Code section 1172.75.[1] At resentencing, Mitchell asked the court to dismiss the prior serious felony enhancement under section 1385. The court declined to do so, dismissed the sole remaining prison prior enhancement, and otherwise imposed the same sentence.

On appeal, Mitchell argues the trial court failed to exercise its informed discretion when considering whether to dismiss the prior serious felony enhancement. Specifically, he contends the court failed to recognize that it was required to dismiss the enhancement unless it found doing so would endanger public safety. He also argues the court failed to give sufficient weight to the remoteness of the prior conviction. We conclude Mitchell forfeited these arguments and they also lack merit. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. ***The offenses and original sentence***[2]

On June 10, 2013, Mitchell robbed a woman of her purse and its contents, including a checkbook and cellphone. Two days

---

[1] Undesignated statutory references are to the Penal Code.

[2] We take these facts from a 2015 opinion in Mitchell's prior appeal. (*People v. Mitchell* (Dec. 3, 2015, B254321) [nonpub. opn.] (*Mitchell I*).)

later, Mitchell tried to cash a personal check by forging the woman's signature.

A jury convicted Mitchell of second degree robbery (§ 211) and forgery (§ 470, subd. (d)). The trial court found Mitchell had suffered a 1987 first degree burglary conviction (§ 459), which qualifies as a serious felony for purposes of the prior serious felony enhancement and the Three Strikes law. The court also found Mitchell has six prior felony convictions for which he served separate prison terms.

In February 2014, the trial court—the Honorable Alan B. Honeycutt—sentenced Mitchell to an aggregate term of 19 years and four months. The sentence consisted of 10 years for the robbery (the upper term of five years, doubled because of the strike); a consecutive term of 16 months for the forgery (one-third the midterm of eight months, doubled because of the strike); plus consecutive terms of five years for the prior serious felony enhancement, and one year for each of the three prison prior enhancements. The court dismissed the other three prison prior enhancements in the interests of justice under section 1385 "based upon the age of th[ose] particular cases." Mitchell appealed, and a different panel of this court affirmed the judgment. (See *Mitchell I*.)

**2.    *Mitchell's petition under Proposition 47***

On April 22, 2016, Mitchell petitioned for resentencing under the Safe Neighborhoods and Schools Act (§ 1170.18, subds. (b), (g))—commonly known as Proposition 47—seeking to have his forgery conviction reduced to a misdemeanor. Judge Honeycutt granted the petition and resentenced Mitchell to an aggregate term of 19 years. The court imposed 12 months for the forgery conviction—rather than the original 16 months—

3

and otherwise imposed the same sentence it imposed in 2014. Mitchell appealed, and a different panel of this court affirmed the judgment. (See *People v. Mitchell* (June 8, 2017, B277743) [nonpub. opn.] (*Mitchell II*).)

**3.      *Mitchell's 2021 petition for writ of habeas corpus***

In May 2021, Mitchell filed a petition for writ of habeas corpus, seeking dismissal of the three prison prior enhancements. The court—the Honorable Nicole C. Bershon—construed the petition as a request for relief under Proposition 47. The People conceded the court should strike two of the three prison prior enhancements. The court dismissed those enhancements and found Mitchell failed to meet his burden of proof as to the third enhancement. The court resentenced Mitchell to an aggregate term of 17 years.

**4.      *Mitchell's 2023 petition for writ of habeas corpus and resentencing under section 1172.75***

On June 30, 2023, Mitchell filed a new petition for writ of habeas corpus. As we understand it, the petition asserted Mitchell's defense counsel provided ineffective assistance by failing to move to strike the prior serious felony enhancement under section 1385.

Around the same time, the California Department of Corrections and Rehabilitation (CDCR) informed the court that Mitchell may be entitled to relief under section 1172.75, which requires courts to resentence defendants who are serving terms that include a one-year prison prior enhancement.

The court considered Mitchell's petition and the CDCR's notice at a hearing on July 12, 2023. The court determined Mitchell is entitled to a full resentencing under section 1172.75. The court noted it could "easily" resentence him by "simply

4

reincorporating everything that was done and previously said." The court stated its tentative decision was to strike the prison prior enhancement and otherwise reimpose the same sentence.

Mitchell's counsel asked the court to dismiss the prior strike conviction because "it was a 1987 case, which is pretty remote in regards to imposing that strike." The court noted that it had reviewed the transcript of the 2014 sentencing and did not see a motion to dismiss the strike conviction.

The court then explained that it "recognizes and recognized in 2014 its authority to strike strikes and enhancements, including the [section] 667(a) prior every time this case has been before it for purposes of sentencing." The court stated it had "considered the factors that are laid out for us in the appellate decisions, and I recognize those factors. I've taken into consideration those factors in 2014, 2016, as well as today. And I would deny the request to strike any additional enhancements or priors as it relates to Mr. Mitchell." The court remarked, "[Mitchell's] received the benefit of reductions. I've exercised my discretion at the time in 2014 and struck three of the one-year priors. And I continue to recognize my discretion but decline to strike any additional strikes or enhancements for Mr. Mitchell. I remember his case quite well, and it was litigated and litigated thoroughly at every step of the way."

The court asked if "either side wish[ed] to be heard." Mitchell's counsel replied that he was requesting "resentencing in regards specifically to that prior," which he urged the court to dismiss because of its remoteness.

The court declined to dismiss the prior serious felony enhancement for the "reasons previously [stated]." The court then stated it would "resentence the defendant at this time."

The court struck the prison prior enhancement and sentenced Mitchell to an aggregate term of 15 years. The court stated it was "incorporating all previous sentencing hearings and what was said and ordered at that time by myself and Judge Bershon." The court paused for a moment, apparently to review the transcript of the 2014 sentencing. The court then listed the factors in aggravation that justified the upper term sentence on the robbery, including that the victim was particularly vulnerable, Mitchell's adult convictions were numerous and increasing in seriousness, and Mitchell's performance on probation was unsatisfactory.

After announcing Mitchell's sentence, the court asked if there was "[a]nything further on behalf of [the] defense." Mitchell's counsel responded, "No, your honor."

## DISCUSSION

Mitchell argues the trial court erred by failing to exercise its informed discretion when considering whether to dismiss the five-year prior serious felony enhancement. According to Mitchell, because the prior conviction was more than five years old, there was a rebuttable presumption in favor of dismissal unless and until the court found dismissal would endanger public safety. Mitchell argues the court failed to find dismissal would endanger public safety and failed to give sufficient weight to the conviction's remoteness, as required under section 1385. Instead, the court simply relied on the same factors it considered when sentencing him in 2014 and 2016. Mitchell asserts the court's error was prejudicial and the appropriate remedy is to remand the case for resentencing.

6

## 1. *Relevant law*

Section 1172.75 declares invalid one-year prison prior sentencing enhancements imposed under section 667.5, subdivision (b). (§ 1172.75, subd. (a).) The statute requires the CDCR to identify those individuals in its custody currently serving a term for a judgment that includes a prison prior enhancement. (*Id*., subd. (b).) If the court determines the defendant's judgment includes a prison prior enhancement, the court must recall the sentence and resentence the defendant. (*Id*., subd. (c).) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed . . . , unless the court finds . . . that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) When resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion." (*Id*., subd. (d)(2).) The court may consider postconviction factors, including the defendant's disciplinary record while incarcerated. (*Id*., subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)(4).)

7

As amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81), section 1385, subdivision (c)(2) "provides that a sentencing court '[i]n exercising its discretion' to dismiss a sentencing enhancement 'shall consider and afford great weight to evidence offered by the defendant to prove' certain enumerated mitigating circumstances, and '[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1028.)  One such mitigating circumstance is that the "enhancement is based on a prior conviction that is over five years old."  (§ 1385, subd. (c)(2)(H).)

## 2.  *Mitchell forfeited his arguments*

The Attorney General contends Mitchell forfeited his arguments by failing to make them in the trial court. Mitchell responds that he preserved the issues because his 2023 habeas petition sought dismissal of the enhancement under Senate Bill 81 and section 1385.  Mitchell also points to his counsel's argument at the hearing that the burglary conviction underlying the prior serious felony enhancement was from 1987 and remote in time.

In *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*), the California Supreme Court held "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal."  (*Id.* at p. 356.)  To preserve the issue for appeal, a defendant must object in the trial court that the court did not "properly make or articulate its discretionary sentencing choices."  (*Id.* at pp. 351–353.)  This forfeiture rule

8

applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*Ibid*.)

The forfeiture rule applies so long as a defendant had a meaningful opportunity to object in the trial court. (*Scott, supra*, 9 Cal.4th at p. 356.) "The parties are given an adequate opportunity to seek such clarifications or changes if, at *any time* during the sentencing hearing, the trial court describes the sentence it intends to impose and the reasons for the sentence, and the court thereafter considers the objections of the parties before the actual sentencing." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 752.)

We agree with the Attorney General that Mitchell forfeited the issues he raises on appeal. In his habeas petition and at the hearing, Mitchell urged the court to dismiss the prior serious felony enhancement based on the conviction's remoteness in time. However, he never made the specific arguments he makes on appeal. He did not assert the court was required to dismiss the enhancement unless it found doing so would pose a danger to public safety. Nor did he argue the court gave insufficient weight to the conviction's remoteness or otherwise applied the wrong standard when it declined to dismiss the enhancement.

The record also shows the court gave Mitchell an adequate opportunity to raise those issues. After announcing Mitchell's sentence and the reasons for its sentencing choices, the trial court asked if there was "[a]nything further on behalf of [the] defense." Defense counsel responded, "No, your honor." By failing to object

9

that the trial court did not make the necessary findings or applied the wrong standard, Mitchell forfeited those issues on appeal.  (See *People v. Boyce* (2014) 59 Cal.4th 672, 731 [defendant forfeited arguments by not objecting after the court announced his sentence and asked if there was "anything else to discuss"].)

### 3. *Mitchell has not shown the court erred*

Even if we were to overlook the forfeiture, we would reject Mitchell's arguments on the merits.

Until recently, there was a split of authority concerning the standard trial courts must apply when deciding whether to strike an enhancement under section 1385.  In *People v. Walker* (2022) 86 Cal.App.5th 386, our colleagues in Division Two concluded the existence of one of the mitigating circumstances listed in section 1385, subdivision (c)(2)—including that the "enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H))—creates a rebuttable presumption obligating a court to dismiss the enhancement unless it finds dismissal would endanger public safety. (See *Walker*, at p. 391.)  The court in *People v. Ortiz* (2023) 87 Cal.App.5th 1087 disagreed that the statute creates a rebuttable presumption, holding instead that trial courts must engage in a "holistic balancing with special emphasis on the enumerated mitigating factors."  (*Id.* at p. 1096.)

In his opening brief on appeal, Mitchell urged us to follow our colleagues in Division Two and hold the remoteness of his burglary conviction created a rebuttable presumption in favor of dismissal of the prior serious felony enhancement.  However, not long after Mitchell filed his brief, the California Supreme Court decided *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*),

10

which resolved the split in favor of the *Ortiz* court.  The high court held the "plain language of section 1385, subdivision (c)(2) contemplates that a trial court will exercise its sentencing discretion in a manner consistent with the *Ortiz* court's understanding.  Specifically, absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Walker*, at p. 1029.)

As Mitchell seems to concede in his reply brief, under the Supreme Court's holding in *Walker*, the fact that his burglary conviction was more than five years old did not create a rebuttable presumption in favor of dismissal of the prior serious felony enhancement.  Nor did it require the court to dismiss the enhancement unless it found doing so would endanger public safety.  Instead, the court had discretion to impose the enhancement so long as it assigned significant value to the conviction's remoteness. (*Walker, supra*, 16 Cal.5th at p. 1029.) Accordingly, there is no merit to Mitchell's argument that the court erred by imposing the enhancement without having found dismissal would endanger public safety.

Nor is there merit to Mitchell's argument that the court gave insufficient weight to the remoteness of the burglary conviction, as required under section 1385, subdivision (c). Mitchell points to the court's comments that it "recognizes and recognized in 2014 its authority to strike strikes and enhancements," had "taken into consideration those factors in 2014, 2016, as well as today," and "exercised [its] discretion at the time in 2014 and . . . continue[s] to recognize [its] discretion but decline[s] to strike any additional strikes or

11

enhancements for Mr. Mitchell." Mitchell contends these comments show the court simply adopted its analysis from the prior sentencings and declined to consider any new factors when deciding whether to dismiss the prior serious felony enhancement.

" 'The trial court is not required to state reasons for declining to exercise its discretion under section 1385' [citations], and 'is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.' " (*People v. Brugman* (2021) 62 Cal.App.5th 608, 637.) Here, the record does not affirmatively demonstrate that the court declined to consider—or gave insufficient weight to—the burglary conviction's remoteness in time or any other relevant factors. We do not read the court's comments to mean it simply adopted its earlier sentencing decisions. Rather, it seems the court meant to convey it is familiar with the relevant factors, has consistently recognized its discretion to dismiss the various enhancements, has exercised that discretion in the past, and continues to recognize its discretion. The court's comments do not demonstrate it misunderstood the law or applied it incorrectly. Accordingly, we may presume the court followed the law and gave sufficient weight to the relevant factors, including the conviction's remoteness. (See *ibid.* [on a silent record, the reviewing court presumes the trial court correctly applied the law].) That presumption is fatal to Mitchell's argument.

**DISPOSITION**

We affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON, P. J.


ADAMS, J.

13